Reese, J.
delivered the opinion of the court.
In the winter of 1826-7, the county court of Smith, by an order made by three justices, (and therefore void,) estcft-5 lished a road of Ae second class, from CoL Vm. Martin’s to Brown’s tanyard. It was opened, and hands assigned, and continued to be used by the public until 1833; this with the acquiescence of Martin the owner of the soil, might constitute it a public road, and raise a presumption of its dedication by the owner to the public use, as the court properly, we think, stated to the jury. In the spring- of 1833, Gol. Martin, the owner of the soil, petitioned the county court of Smith for an alteration of the road, as specified in his petition. A jury of view was appointed, and-reported in favor of the alteration; at the same term their report was confirmed, an overseer appointed, and the new road opened, and the alteration made accordingly. There were but three justices present when these proceedings took place, and they were therefore without legal effect. There is no doubt, however, that the petition of Col. Martin was a dedication to the public of the use of so much of his soil, as would be covered by the new road, or the alterations indicated; and although the order last mentioned might-not of itself and by its own efficacy, establish the new road as a public road,' yet as the court below, remarking upon the old road correctly observes, “none but the proprietor of the soil and the public were concerned in it.”
If it was opened by an overseer and hands, according to the orders, and continued open till the spring of 1S35, when the *392 ^¡¡| 0f indictment was found. If during that time it were used the old road, so far as the change or alteration existed, were generally closed up ar.d not used, it ought to have been left to the jury to say, whether a right which was founded upon the acquiescence of the owner, and the user of the public, may not have been terminated by the action of the owner, and acquiescence and non-user of one road with regard to the public, and the user of the substitute for ⅛” We see no error in the charge so far as it goes, but we think there is error in the omission to submit to the jury the above view of the case.
Judgment reversed.